1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*"O"*

FILED
CLERK, U.S. DISTRICT COURT

NOV 26 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

BRIAN EDWARDS,                    ) Case No. CV 08-07565 GAF (AN)
                                  )
        Petitioner,               ) MEMORANDUM AND ORDER
                                  )
    v.                            )
                                  )
F.B. HAWS, WARDEN, et al.,        )
                                  )
        Respondents.              )
                                  )
_____   )

## I. Background

On November 17, 2008, petitioner Brian Edwards, a state prisoner proceeding *pro se*, filed his pending habeas petition pursuant to 28 U.S.C. §2254 ("§2254") in the Central District of California, Western Division.  Pursuant to the Court's duty to screen §2254 petitions,[1] the Court has reviewed the Petition and finds it is subject to summary dismissal because it plainly appears from its face that Edwards is challenging the conditions of his confinement, not the legality or duration of his 1997 conviction for attempted murder and second degree robbery, and the related 31-years-to-life prison sentence, that he sustained in case no. YA030468 of the California Superior Court for Los Angeles County. (Petition

_____

[1] *See* Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 ("if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified").

1  at 3.)   Specifically, Edwards principally claims his unspecified "constitutional right as a
2  U.S. citizen" is being violated because the first level 602 inmate appeals that he has been
3  filing at the prison "on numerous issues for assault, to living conditions, to violation of my
4  constitutional right to use the law library . . . always went missing for some reason."
5  (Petition at 6.)

6  <div align="center">**II.  Discussion**</div>
7  **A.     Standard of Review**
8      **1.     Habeas Rules**
9      "A discrete set of Rules governs federal habeas proceedings launched by state
10 prisoners.  *See* Rules Governing Section 2254 Cases in the United States District Courts[,
11 28 foll. U.S.C. § 2254 ("Habeas Rules")]."  *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct.
12 2566, 2569 (2005).  The discrete Rules include Habeas Rule 2(c), which imposes a "more
13 demanding" pleading standard than the notice pleading used for complaints in ordinary civil
14 cases.  *Id.* at 655.  Under Habeas Rule 2(c), a petition must "specify all the grounds for
15 relief available to the petitioner [and] state the facts supporting each ground[; . . . and] the
16 petition is expected to state facts that point to a real possibility of constitutional error."  *Id.*
17 In *Felix*, the Supreme Court further emphasized that:

18         [a] prime purpose of [Habeas] Rule 2(c)'s demand that habeas
19         petitioners plead with particularity is to assist the district court in
20         determining whether the State should be ordered to "show cause
21         why the writ should not be granted."  § 2243.  Under Habeas []
22         Rule 4, if "it plainly appears from the petition . . . that the
23         petitioner is not entitled to relief in district court," the court must
24         summarily dismiss the petition without ordering a responsive
25         pleading.

26 *Id.* at 656.  The Advisory Committee Notes to Habeas Rule 4 also provide "it is the duty of
27 the court to screen out frivolous applications and eliminate the burden that would be placed
28 on the respondent by ordering an unnecessary answer," particularly where the petition does

<div align="center">Page 2</div>

1  not state facts "that point to a real possibility of constitutional error."   Habeas Rule 4,
2  Advisory Committee Notes (1976 Adoption).  Consistent with the foregoing principles,
3  Local Rule 72-3.2 of this Court authorizes a magistrate judge to prepare proposed order for
4  summary dismissal and proposed judgment for a district judge if it plainly appears from the
5  face of the petition that the petitioner is not entitled to relief.

6      **2.**    **§ 2254**

7      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110
8  Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal
9  habeas relief on the ground that the prisoner's custody violates the Constitution or law or
10 treaties of the United States.  § 2254(a).  Moreover, federal habeas relief "shall not be
11 granted with respect to any claim that was adjudicated on the merits in State court
12 proceedings unless the adjudication of the claim -- (1) resulted in a decision that was
13 contrary to, or involved an unreasonable application of, clearly established Federal law, as
14 determined by the Supreme Court of the United States; or (2) resulted in a decision that was
15 based on an unreasonable determination of the facts in light of the evidence presented in the
16 State court proceeding." § 2254(d)(1)-(2). The key to triggering § 2254's deferential
17 standard is a previous "adjudicat[ion] on the merits in State court proceedings."

18 **B.**    **Analysis**

19     **1.**    **The Petition must be dismissed since it is not directed at Edwards'**
20         **underlying conviction or sentence.**

21     A habeas corpus petition can only be used to challenge the legality or duration of a
22 prisoner's confinement; in contrast, a civil rights action is the proper mechanism for
23 challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.
24 1991) (prisoner must bring condition of confinement claims by way of a civil rights
25 complaint brought pursuant to 42 U.S.C. §1983 ("§1983"), not a habeas corpus petition).

26     As discussed above, the Petition plainly discloses that Edwards is challenging a
27 condition of his confinement, not the legality or duration of his imprisonment stemming
28 from his underlying 1997 state conviction and sentence. Nor does the Petition set forth any

1 facts "that point to a real possibility of constitutional error" relating to his 1997 conviction
2 and sentence.   Consequently, the Court finds the Petition is subject to summary dismissal.
3 Habeas Rule 4; *Felix*, 545 U.S. at 656.

4 **B.     The Court declines to construe the Petition as a Civil Rights Complaint.**

5            Under appropriate circumstances, district courts have the discretion to construe a
6 habeas petition as a civil rights complaint if it appears the allegations raise a viable
7 constitutional deprivation claim directed at the conditions of the petitioner's custodial
8 confinement instead of a challenge directed at the legality or duration of his conviction or
9 sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).   The Court
10 finds it would be inappropriate to construe Edwards' Petition as a prisoner civil rights
11 complaint for the following reasons.

12            Prisoner civil rights actions under § 1983 are subject to different requirements than
13 federal habeas proceedings under §2254. The filing fee for a prisoner civil rights complaint
14 is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions.  28
15 U.S.C. §1914(a). Prisoners who wish to bring civil rights actions *in forma pauperis* ("IFP")
16 must also qualify for IFP status and become financially responsible for paying the full
17 $350.00 filing fee from their prison trust accounts. *See* 28 U.S.C. §1915(b)(1).  Also, the
18 Prison Litigation Reform Act has amended 42 U.S.C. §1997e to provide that "[n]o action
19 shall be brought with respect to prison conditions under section 1983 of this title, or any
20 other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
21 until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).
22 In California, this means that a prisoner must go through the following levels of
23 administrative appeal before filing suit in federal court: (1) informal resolution (waived
24 under certain conditions); (2) formal written appeal on a California Department of
25 Corrections ("CDC") 602 inmate appeal form; (3) second level appeal to the institution head
26 or designee; and (4) third level appeal to the director of the CDC. Cal.Code Regs. Tit. 15,
27 §3084.5; *Barry v. Ratelle,* 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997). "If the district court
28 concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is

1  dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.
2  2002); *see White v. McGinnis*, 131 F.3d. 593, 595 (6th Cir. 1997) (affirming district court's
3  *sua sponte* dismissal without prejudice for failure to exhaust administrative remedies). The
4  Supreme Court has held §1997e(a)'s exhaustion requirements apply to all claims relating
5  to prison life which do not implicate the duration of a prisoner's sentence. *Porter v. Nussle*,
6  534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L.Ed.2d 12 (2002).

7        In order to make sure that a prisoner has complied with the foregoing exhaustion
8  requirements, this Court requires prisoners bringing §1983 civil rights actions to use the
9  Court-approved civil rights complaint form, which contains instructions that are tantamount
10 to general orders of this Court and requires the prisoner to set forth specific information
11 relating to each defendant, and to allege facts that show how each defendant deprived the
12 prisoner of a constitutional right that entitles the prisoner to relief under § 1983. *See* Civil
13 Rights Complaint Form CV-66; *see Brady v. Attygala,* 196 F.Supp.2d 1016, 1018 (C.D. Cal.
14 2002).

15        Edwards' Petition is not prepared on this Court's approved prisoner civil rights
16 complaint form. He has not paid the required $350.00 filing fee to file a prisoner civil rights
17 complaint or demonstrated that he is entitled to proceed IFP. Nor has he authorized funds
18 to be withdrawn from his prison trust account to pay for all or any part of the filing fee.
19 Therefore, the Court finds it is inappropriate to construe his petition as a prisoner civil rights
20 complaint.

21 ///
22 ///
23
24
25
26
27
28

### III. Conclusion

For the reasons set forth above, the Petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: November 26, 2008

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

ARTHUR NAKAZATO
Arthur Nakazato
United States Magistrate Judge